## Pulaski Stave Company v. Samples, et al.

(Decided June 6, 1912.)

### Appeal from Lee Circuit Court.

Land—Trespass to Try Title—Finding of Chancellor—Sufficiency of Evidence.—In an action of trespass to try title, evidence ex-

amined and held sufficient to sustain the finding of the chancellor in favor of the defendants.

HUGH RIDDELL, ROBERT A. FRIEND for appellant.

S. P. STAMPER for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Pulaski Stave Company, brought this action against David Samples, Albert Samples and Sarah Samples to enjoin trespass on a certain tract of land described in the petition, located in Lee county, Kentucky. Defendants denied plaintiff's title, and pleaded title in themselves. A temporary injunction was granted plaintiff, and an order of delivery obtained for certain logs which defendants had cut. On final hearing, plaintiff's petition was dismissed, and it appeals.

The action involves the title to a tract of about sixty acres of land. The question of title depends on the location of the dividing line between the land of plaintiff and the land of defendants, which lies east of the land of plaintiff.

The line in controversy is described in plaintiff's deed as "Beginning at a horn-bean on Big Sinking in the line running from the Salt Rock Seep on the Kentucky River through the center of the Pinnacle (in old Landing sinks northeast of the old muster grounds) running thence N. 9 W. to a planted stone on the divide of the ridge between Big Sinking and Billey's Fork of Miller's Creek."

In defendant's deed, the beginning corner is at a stone in Meadow's line, and in the line of Volentine Crawford at "A" on the plat of division and corner to lot No. 1. After running several courses, which it is unnecessary to set out, the description concludes as follows:

"Thence N. 8 1-2 W. 36 poles to a horn-bean at the creek; thence N. 1 1-4 W. 84 6-10 poles to the cliff; N. 5 W. 20 poles to salt rock line; thence with same on marked line N. 8 W. 460 poles to the beginning."

Plaintiff derived title from Judge Riddell and the heirs of Green B. Kelly. Riddell and Kelly claimed under a deed from A. Kelly, who acquired title under a deed executed by the Commissioner in the suit of Volen-

tine Crawford's Administrator v. Violentine Crawford's Heirs.

Defendants claim under Rankin and wife, who claimed under R. Lee Crawford. R. Lee Crawford acquired title from Volentine Crawford and Horn and wife.

For plaintiff, E. R. W. Cox, aged 78, an old resident and surveyor of Lee county, testifies that he surveyed the line in question by order of court in this action, and his plat shows that the line as claimed by plaintiff is a few poles west of the line claimed by defendants. In December, 1892, he ran the line between A. J. Samples and Green B. Kelly at the request of Samples. A. J. Samples took him to the horn-bean now claimed to be the beginning corner of the plaintiff, and told him that was the corner to run from, and was the corner to which Lucien Rankin had sold him. This horn-bean was cut down about two years before the witness testified, and was located in what was then known as Johnson's yard. The horn-bean was situated about eleven or twelve poles from the creek. In making the survey in 1892 from this horn-bean, he stopped in the gap on the top of the ridge. After making that survey he helped one Durrett White in making a survey. This witness further states that the horn-bean from which he started in 1892 was dead. Lucien Rankin, who sold to A. J. Samples, testifies that the horn-bean in Johnson's yard was the one to which he sold. Another witness by the name of Warner testifies to the same effect. It further appears that some of ˙ the deeds to R. Lee Crawford called for the Meadows line. There is in the record a plat made by N. C. Tuttle, a surveyor, pursuant to an order of the Lee Circuit Court, in the case of M. B. Crawford v. B. B. Cole. This survey was made March 7, 1877. According to this survey the compromise line lies a few poles east of the Meadows line. The compromise line is the one agreed upon between Volentine Crawford and Thomas Duckham in the year 1819, and runs from the Kentucky River thirty-four poles above the Salt Rock Creek or spring to Miller's creek, N. 9 W., and across Crawford's line. Lucien Rankin further testifies that he was present when E. P. Benton made his survey, and that Benton ran to the horn-bean in Johnson's yard.

For defendants David and Albert Samples deny that Cox began at the horn-bean in Johnson's yard. E.

P. Benton, 76 years of age, who at the time he testified was residing in Jessamine county, Kentucky, and who was an old surveyor and lived in Estill county, testifies that he had been acquainted with the land in controversy since 1843. Upon the death of R. Lee Crawford he was appointed by the court to make a survey of Crawford's land and allot dower to his widow. The plat that he then made is reproduced and filed in this record. This took place in 1874. G. B. Kelly, through whom the plaintiff claims, was one of the commissioners and was actually present while the survey was being made. The east line as it then ran was a well-marked line. The marks were then old. On this line the letter "M" frequently appears on the trees. A stone at the end of the line, marked "E. P. B." was planted by witness, and the initials are his. This stone was planted in the Meadows and the Crawford line. In locating the stone, he reversed the calls in the Meadows papers back until he struck Volentine Crawford's line in his deed from John Wilson. He settled the line from the Crawford cave to the known corner in Crawford's line until he knew he was not a foot off the line. This stone was planted by witness in 1874. On the day before he testified he went there and found the same stone. He never knew anything of the horn-bean in Johnson's yard. The horn-bean that he surveyed to was right at the creek. The true horn-bean stood right down below the Ward schoolhouse. Defendant's deed covers the line run by witness in 1874, and also on the day preceding the trial. The planted stone was not exactly on the top of the ridge, but stood near the top of the ridge and near the Crawford cave, and where the legal title begins.

. Other witnesses testify that the dead horn-bean stood closer to the creek than the one in Johnson's yard. It had some letters on it, one of which was the letter "C." The line run by Cox under order of court from the horn-bean in Johnson's yard did not hit the planted stone, and there were no marks on this line. The line surveyed by Benton ran between two large rocks in the gap. On one of the rocks was the letter "M."

There is in the record a plat made by James H. G. Bush in the year 1856, in the suit of James Cole v. Volentine Crawford and others, and on this plat the Compromise and Salt Rock lines are represented to be the same line.

For plaintiff there was also evidence to the effect that the creek formerly ran nearer the horn-bean in Johnson's yard than it does now; perhaps within five or six poles of it.

For plaintiff it is earnestly insisted that the mistake made by Benton was in concluding that the Meadows or Salt Rock line was the same line as the old Compromise line, but the weight of evidence does not support this position. Cox himself says that the Compromise line and the Salt Rock line are the same. The plat filed by Bush shows them to be the same. On this line the letter "M" is frequently seen. If, as claimed by plaintiff, the Meadows line is the same as the Rock Salt line, and if the Rock Salt line and the Compromise line are the same, it follows that the Meadows line and the Compromise line are the same. Benton testifies that he never knew of but one line, and that the two lines are the same. Furthermore, the appearance of the letter "M" on this line would indicate that to be true. Moreover, Cox himself admits that the horn-bean from which he surveyed in 1892 was dead. The evidence for plaintiffs is to the effect that the horn-bean in Johnson's yard was green; there is no evidence to the contrary. While Rankin testifies that Benton surveyed to and from the horn-bean in Johnson's yard, it is practically admitted that to do so would not strike the beginning corner of the R. Lee Crawford survey. Plaintiff's witnesses contend that there was another stone than the one planted by Benton, but no such stone appears. It is altogether improbable that Benton planted the stone marked "E. P. B." and did not survey from it. While there are some facts and circumstances tending to support plaintiff's position, yet in view of the fact that the true horn-bean was located at the creek and the horn-bean from which Cox surveyed was dead, while the horn-bean now claimed by plaintiff to be the beginning corner was green at the time it was felled, considered in connection with the further fact that Benton surveyed the dividing line back in 1874, and thereafter, as commissioner, partitioned the land between R. Lee Crawford's heirs, and this survey was made at a time when the true facts were better known than now, we see no reason to disturb the finding of the chancellor to the effect that the dividing line between plaintiff and defendants is as follows:

"From a planted stone marked 'E. P. B.' on the

waters of Billy's Fork of Miller's Creek near and north of the top of the dividing ridge between said Fork and the waters of Big Sinking; thence with the old marked line, now known as the Benton line, to the top of the lime-stone cliff on the North side of the Big Sinking Fork of Miller's Creek.''

Judgment affirmed.